UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GVANTSA BANTSADZE, individually and on behalf of all others similarly situated,

                                      Plaintiff,

     -against-

BURGER MAN INC. and ALI ZAAROUR, as an individual,

                                      Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **GVANTSA BANTSADZE**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff") by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **BURGER MAN INC. and ALI ZAAROUR, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 740 7th Avenue, New York, NY 10019.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff GVANTSA BANTSADZE residing at Brooklyn, NY 11235 was employed by BURGER MAN INC., from in or around August 2022 until in or around October 5, 2023.

### *The Defendants*
### Burger Man Inc.

8. Defendant BURGER MAN INC. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 740 7th Avenue, New York, NY 10019.
9. Defendant BURGER MAN INC. is a New York domestic business corporation authorized to do business under the laws of New York.

### Ali Zaarour

10. At all relevant times, Defendant ALI ZAAROUR owns and operates BURGER MAN INC.
11. At all relevant times, Defendant ALI ZAAROUR is an agent of BURGER MAN INC.
12. At all relevant times, ALI ZAAROUR is responsible for overseeing all daily operations of BURGER MAN INC.
13. At all relevant times, ALI ZAAROUR has power and authority over all the final personnel decisions of BURGER MAN INC.
14. At all relevant times, ALI ZAAROUR has the power and authority over all final payroll decisions of BURGER MAN INC., including the Plaintiff.
15. At all relevant times, ALI ZAAROUR has the exclusive final power to hire the employees of BURGER MAN INC., including the Plaintiff.

16. At all relevant times, ALI ZAAROUR has exclusive final power over the firing and terminating of the employees of BURGER MAN INC., including Plaintiff.
17. At all relevant times, ALI ZAAROUR is responsible for determining, establishing, and paying the wages of all employees of BURGER MAN INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
18. Accordingly, at all relevant times hereto, Defendant ALI ZAAROUR was Plaintiff's employer within the meaning and the intent of the NYLL and FLSA.
19. On information and belief, BURGER MAN INC. is, at present and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff GVANTSA BANTSADZE was employed by BURGER MAN INC., as a food preparer, while performing related miscellaneous duties for the Defendants, from in or around August 2022 until in or around October 5, 2023.
21. Plaintiff GVANTSA BANTSADZE regularly worked six (6) days per week, from in or around August 2022 until in or around October 5, 2023.
22. Plaintiff regularly worked a schedule of shifts beginning at approximately 10:00 a.m. each workday and regularly ending at approximately 7:00 p.m., or later, three (3) days per week, and from approximately 8:00 a.m., each workday and regularly ending at approximately 7:00 p.m., or later, three (3) days per week, from in or around August 2022 until in or around October 5, 2023.
23. Thus, Plaintiff was regularly required to work approximately sixty (60) hours each week from in or around August 2022 until present.
24. Plaintiff GVANTSA BANTSADZE was paid by Defendants a flat weekly rate of approximately $600.00 per week for all hours worked from in or around August 2022 until in or around October 5, 2023.

25. Further, Plaintiff was not compensated at all for three (3) days leave of absence due to work related accident for which the Defendants had agreed to compensate her.

26. Although Plaintiff GVANTSA BANTSADZE regularly worked approximately sixty (60) hours or more hours per week from in or around August 2022 until in or around October 5, 2023, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Furthermore, Plaintiff GVANTSA BANTSADZE worked in excess of ten (10) or more hours per day approximately three (3) days per week from in or around August 2022 until in or around October 5, 2023, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

31. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

32. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

34. Collective Class: All persons who are or have been employed by the Defendants as food preparers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

35. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the putative class.

43. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
47. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
49. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1)

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

62. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

63. Plaintiff incorporates by reference all allegations in all preceding paragraphs.
64. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
65. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.
66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
68. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).
69. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
71. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

72. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff's unpaid wages;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 15, 2023
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GVANTSA BANTSADZE, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

BURGER MAN INC. and ALI ZAAROUR, as an individual,

                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
   *Attorneys for the Plaintiff*
   80-02 Kew Gardens Road
   Suite 601
   Kew Gardens, New York 11415
   Phone: (718) 263-9591
   Fax: (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**BURGER MAN INC. (NYDOS ID# 5880371)**
740 7th Avenue, New York, NY 10019

**ALI ZAAROUR**
740 7th Avenue, New York, NY 10019