UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GVANTSA BANTSADZE, <br><br>                    Plaintiff, <br><br> v. <br><br> BURGER MAN INC., et al., <br><br>                    Defendants. | 23-CV-10043 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

On August 14, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* Mot. for Settlement, ECF No. 28. The Court has reviewed the settlement agreement to determine whether it is fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015).

The settlement order contains a "No Re-publication" provision, *see* ECF 28-1 ¶ 10, similar to those that courts in this District have found overly restrictive. *See, e.g.*, *Nikita v. 201 E 15th Owners Corp.*, No. 16 Civ. 3320, 2017 WL 11567701, at *2 (S.D.N.Y. Fed. 15, 2017) (citation omitted). No re-publication clauses are "the type of highly restrictive provision that the Court in *Cheeks* cited as a ground for disapproval." *Id.*; s*ee also Choc v. Corp. #1*, No. 23 Civ. 3886, 23 WL 8618746, at *5-6 (S.D.N.Y Dec. 12, 2023) (rejecting a "non-publicity clause" because it prohibited communication with media or on social media related to the settlement); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (denying settlement because, *inter alia*, "[t]he settlement language . . . is broad enough to prevent Plaintiff from discussing his FLSA lawsuit with fellow employees who may be interested in

bringing similar lawsuits"). As in *Nikita*, the fact that the provision does not prohibit disclosure to legal counsel, spouses, family members, etc. does not save the provision from being overly restrictive. *Nikita,* 2017 WL 11567701, at *2. Nor is there a "truthful statements" carve-out in this provision.[1] Thus, in the Court's view, the restrictions that this provision imposes on Plaintiff bar approval of the settlement in its current form.

The parties are hereby **ORDERED** to either (1) resubmit the settlement agreement without the No Re-publication provision; or (2) submit a letter citing authority for the Court's approval of such a provision. The parties shall make their submissions to this Court by **November 22, 2024**. All proceedings remain **STAYED**, pending further order of the court.

Dated: November 8, 2024
New York, New York

DALE E. HO<br>United States District Judge

---

[1] While the Court acknowledges that there is a truthful statements exception in the "No-Negative Statements" provision, *see* EFC 28-1 ¶ 9, the document does not clearly indicate that the provision applies to ¶10. As such, the Court does not see this carve-out as alleviating its concerns about the "No Re-publication" provision in ¶10.