UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GVANTSA BANTSADZE,<br><br>                          Plaintiff,<br><br>              v.<br><br>BURGER MAN INC. et al.,<br><br>                          Defendants. | 23-CV-10043 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On August 14, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* ECF No. 28. The settlement agreement contained a "no re-publication" provision, *see* ECF 28-1 ¶ 10, similar to those that courts in this District have found overly restrictive. *See, e.g.*, *Nikita v. 201 E 15th Owners Corp.*, No. 16 Civ. 3320, 2017 WL 11567701, at *2 (S.D.N.Y. Fed. 15, 2017) (citation omitted). On November 8, 2024, the Court ordered the parties to either resubmit the settlement agreement without that provision or to provide authority for the Court's approval of such a provision. *See* ECF No. 29. On November 22, 2024, the parties resubmitted the settlement agreement without the "no re-publication" provision. *See* ECF Nos. 30, 30-1. Under the terms of the agreement, Plaintiff's counsel will receive attorneys' fees of 33% of the total settlement payment less expenses. *Id.* at 4-5. Before the Court are the executed revised settlement agreement, *see* ECF No. 30-1, and documentation supporting the requested amount of fees and costs, *see* ECF Nos. 28-2, 28-3.

It is hereby **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41

absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015). The settlement payment totals $18,500.00. Joint Letter Mot. (JLM) 4, ECF No. 28 at 4. After attorney's fees and costs, Plaintiff will receive $11,878.00, which is approximately 17% of $71,414.29, the maximum total damages Plaintiff estimates she could recover at trial. *See* JLM 2, 4-5. This proportion is within the range of others found acceptable within the Second Circuit. *See, e.g.*, *Kim v. Choi*, No. 19 Civ. 8911, 2021 WL 1759830, at *1 (S.D.N.Y. May 4, 2021) (approving settlement where the plaintiffs would receive 21% of their total potential recovery); *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case scenario" for the plaintiff). The settlement is the product of arm's-length negotiations by experienced counsel and there is no indication of fraud or collusion. JLM 4; *see also Wolinski v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012).

Furthermore, the settlement enables the parties to avoid costs in establishing their respective claims and defenses. *Wolinsky*, 900 F. Supp. 2d at 335. The parties note that trial preparation would require hiring a court-licensed translator and entail at least two party depositions, as well as the standard litigation costs. *See* JLM 3. There are significant factual disputes, and Plaintiff is avoiding serious risks associated with continuing the litigation including losing at trial, recovering less than the settlement amount, or obtaining an unrecoverable judgment. *Id.* at 3-4. Although the settlement agreement contains a "No Negative Statements" provision, the provision includes the necessary truthful statement carve-out and thus is not unfair

or unreasonable. *See* ECF No. 30-1, at 4 ("Nothing in this paragraph shall prevent Plaintiff or Defendants from speaking truthfully about Plaintiff's alleged employment by Defendants or their experiences litigating this matter."); *Weng v. T&W Rest. Inc.*, No. 15 Civ. 8167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (requiring that non-disparagement provisions contain a carve-out allowing for truthful communications). Nor is the release provision so general as to be unfair. *See* ECF No. 30-1, at 3-4; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).

It is further **ORDERED** that Plaintiff's counsel's request for attorneys' fees is **GRANTED**. Plaintiff's counsel requests 33% of the settlement amount less expenses for attorneys' fees and $683.00 for identifiable expenses, which total to 35.8% ($6,622.00) of the settlement amount. JLM 4-5. Attorneys' fees of 33% on FLSA and NYLL are routinely approved by courts in the Second Circuit. *See Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery."). Furthermore, Plaintiff's total requested sum of $6,622.00, JLM 5, represents a discount from the lodestar amount of $10,650.50, as determined by contemporaneous time records documenting counsel's work in connection with this matter. *See* ECF No. 28-2. The hourly rates for Mr. Avshalumov, Mr. O'Donnell, and Ms. Schillaci do not exceed those generally approved as a matter of course. *See Silva v. Legend Upper West LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by* 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022). The same is true of the $75.00 hourly rate for paralegal services. *See Sun Yuel Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20 Civ. 9612, 2024 WL 4288064, at *4 (S.D.N.Y. Sept. 25, 2024) (noting that the court has previously found the typical

reasonable range for paralegal services in the Southern District of New York to be $100 to $150 per hour). Therefore, the fees requested by Plaintiff's counsel are fair and reasonable in light of the settlement agreement.

It is further **ORDERED** that in accordance with the parties' settlement agreement, Defendants shall deliver the initial payment by **December 25, 2024**, and Plaintiff shall file a stipulation of dismissal within seven days of receipt of the initial payment. All proceedings remain **STAYED**, pending further order of the Court.

Dated: November 24, 2024
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　DALE E. HO
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge